UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GARY L. DORSY,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 1:24-cv-00056-WBS-CDB (SS)

FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND AFFIRM DECISION OF COMMISSIONER OF SOCIAL SECURITY

(Doc. 18)

**14-DAY OBJECTION PERIOD**

Plaintiff Gary L. Dorsy ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for disability benefits under the Social Security Act ("SSA" or "Act"). (Doc. 1). The matter is before the Court on the Administrative Record (Doc. 12, "AR") and the parties' briefs (Docs. 18, 22), which were submitted without oral argument. Upon review of the record, the undersigned finds and recommends as follows.

## I. BACKGROUND

### A. Administrative Proceedings and ALJ's Decision

On March 17, 2021, Plaintiff filed an application for supplemental security income with an alleged disability onset date of May 27, 1998. (AR 10). Plaintiff's claim was initially denied on July 27, 2021, and again upon reconsideration on October 13, 2021. *Id.* Plaintiff requested a hearing before an Administrative Law Judge on October 20, 2021. *Id.* Paul D. Barker, Jr., the

Administrative Law Judge ("ALJ"), held a telephone hearing on February 9, 2023, during which Plaintiff, with representation by his attorneys, Johnathan Peña and Nicholas Martinez, and impartial vocational expert Karen Krull ("VE") testified. *Id.* The ALJ issued an unfavorable decision on March 8, 2023, finding Plaintiff was not disabled. (AR 7, 12-23). The Appeals Council denied Plaintiff's request for review on November 7, 2023, rendering the ALJ's decision as the final decision of the Commissioner. (AR 1). Plaintiff subsequently filed this action seeking judicial review of the ALJ's decision. (Doc. 1).

In the decision, the ALJ considered Plaintiff's claims using the five-step sequential evaluation required by 20 C.F.R. § 416.920(a). (AR 12-23). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 17, 2021, the application date. (AR 12).

At step two, the ALJ found that Plaintiff had the following severe medically determinable impairments ("MDIs") which significantly limit the ability to perform basic work activities as required by Social Security Ruling ("SSR") 85-28 and 86-8: right fibula fracture; morbid obesity; bipolar disorder; major depressive disorder; generalized anxiety disorder; borderline personality disorder; post-traumatic stress disorder (PTSD); and a history of polysubstance abuse. (AR 12-13). The ALJ considered the severity of Plaintiff's mental impairments, considering whether the four broad functional areas of mental functioning listed in the "paragraph B" criteria are satisfied.[1] Because Plaintiff's mental impairments did not cause at least two "marked" limitations or one "extreme" limitation, and do not cause more than minimal limitation in Plaintiff's ability to perform basic mental work activities, the ALJ found the paragraph B criteria were not satisfied and that the mental impairments are non-severe. (AR 15-16). The ALJ also found that the evidence in this case fails to establish the presence of "paragraph C" criteria.[2] (AR 16).

---

[1] The "paragraph B" criteria evaluate mental impairments in the context of four broad areas of functioning: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. § Pt. 404, Subpt. P, App. 1. The severity of the limitation a plaintiff has in each of the four areas of functioning is identified as either "no limitation," "mild," "moderate," "marked," or "extreme." *Id.*

[2] Paragraph C is not at issue in Plaintiff's challenge here.

At step three, the ALJ found that Plaintiff did not have an impairment, or any combination of impairments, that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 14).

Prior to step four, the ALJ found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 416.967(b) except:

> [Plaintiff] can lift and carry, push and pull 20 pounds occasionally and 10 pounds frequently; can stand and walk for 6 hours of an 8-hour workday with standard breaks; can sit for 6 hours of an 8-hour workday with standard breaks; can occasionally stoop, climb ramps and stairs, kneel, crawl and crouch, and can never climb ladders, ropes, and scaffolds. He can occasionally balance, as that term is used in the Department of Labor's Selected Characteristics of Occupations. He must avoid concentrated exposure to loud noises and bright lights. He can understand, remember, and carry out simple tasks but not at an assembly line rate; can make simple work-related decisions; can have occasional work-related interactions with co-workers, supervisors, and the general public; and can have occasional changes in the work setting.

(AR 16).

In considering Plaintiff's symptoms and the extent to which these symptoms can reasonably be accepted as consistent with objective medical evidence and other evidence, the ALJ noted he followed the two-step process as set forth in 20 C.F.R. § 416.929 and SSR 16-3p. (AR 16-17). The ALJ summarized Plaintiff's hearing testimony:

> On the application date of March 17, 2021, [Plaintiff] was a 22-year-old male with a limited education alleging the inability to work. [Plaintiff] alleges that his impairments produce the following symptoms: chronic right ankle pain, lower back pain, fatigue, severe depression, anxiety, panic attacks, paranoia, flashbacks, and intrusive thoughts. [He] further alleges that these symptoms prevent him from working because he has significant difficulty standing and walking for more than a few hours, concentrating, getting along with others, and dealing with stress[.]

(AR 17) (citing Ex. 4E; Hearing Testimony).

The ALJ, considering the record of Plaintiff's hearing testimony, medical evidence, treatment history and notes, activities of daily living ("ADLs"), prior administrative medical findings and treating sources, and Third Party Function Report, determined that Plaintiff's MDIs could reasonably be expected to cause the alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects of symptoms are inconsistent with the record. (AR

17-20).

At step four, the ALJ determined that Plaintiff has no past relevant work, was a younger individual age 18-49 on the application date, has a limited education, and that transferability of job skills is not at issue because Plaintiff has no past relevant work. (AR 21).

At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform considering Plaintiff's age, education, work experience, and RFC. (AR 21-22). The ALJ cited cleaner, marker, and office helper based on the testimony of the vocational expert. (AR 22). The ALJ therefore concluded Plaintiff has not been disabled since March 17, 2021, the date the application was filed, under 20 C.F.R. § 416.920(g) and section 1614(a)(3)(A) of the Act. (AR 23).

### B. Medical Record and Hearing Testimony

The relevant hearing testimony and medical record were reviewed by the Court and will be referenced below as necessary to this Court's decision.

## II. LEGAL STANDARD

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). "[I]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

The court will review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which she did not rely. Social Security Act § 205, 42 U.S.C. § 405(g). In reviewing a denial of benefits, a district court may not substitute its

judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id.* An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

A claimant must satisfy two conditions to be considered "disabled" and eligible for benefits within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity," defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)).

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

///

///

## III. ISSUES AND ANALYSIS[3]

Plaintiff seeks judicial review of the Commissioner's final decision denying his application and raises one issue: Whether the ALJ failed to properly evaluate the medical opinion of record of Plaintiff's treating source, Dr. Gilbert Simas, such that the ALJ's RFC determination is not supported by substantial evidence. *See* (Doc. 18 at 11).

### 1. Governing Authority

Because Plaintiff applied for benefits after March 27, 2017, his claim is governed by the agency's newest regulations applicable to an ALJ's evaluation of medical opinions. 20 C.F.R. § 416.920c. Under these regulations, the Commissioner does "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings(s), including those from [a plaintiff's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Thus, the regulations require an ALJ to apply the same factors to all medical sources when considering medical opinions and no longer mandate particularized procedures that the ALJ must follow in considering opinions from treating sources. *See* 20 C.F.R. § 404.1520c(b) (the ALJ "is not required to articulate how [he] considered each medical opinion or prior administrative medical finding from one medical source individually."); *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017).

Instead, "[w]hen a medical source provides one or more medical opinions or prior administrative medical findings, [the ALJ] will consider those medical opinions or prior administrative medical findings from that medical source together using" the following factors: (1) supportability; (2) consistency; (3) relationship with the [plaintiff]; (4) specialization; (5) other factors that "tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§ 404.1520c(a), (c)(1)-(5). The most important factors to be applied in evaluating the persuasiveness of medical opinions and prior administrative medical findings are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), (b)(2). Regarding the supportability factor, the regulation provides that the "more relevant the objective medical evidence and

[3] Filings are referenced herein according to the associated CM/ECF-designated pagination.

supporting explanations presented by a medical source are to support his or her medical opinion(s), the more persuasive the medical opinions ... will be." 20 C.F.R. § 404.1520c(c)(1). In other words, "[s]upportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant ... objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)). Regarding the consistency factor, the "more consistent a medical opinion(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) ... will be." 20 C.F.R. § 404.1520c(c)(2).

The ALJ must explain in his decision how persuasive he finds a medical opinion and/or a prior administrative medical finding based on these two factors. 20 C.F.R. § 404.1520c(b)(2). The ALJ "may, but [is] not required to, explain how [he] considered the [other remaining factors]," except when deciding among differing yet equally persuasive opinions or findings on the same issue. 20 C.F.R. § 404.1520c(b)(2)-(3). Further, the ALJ is "not required to articulate how [he] considered evidence from nonmedical sources." 20 C.F.R. § 404.1520c(d). Nonetheless, the Court must determine whether the ALJ adequately explained "how [he] considered the supportability and consistency factors" relative to medical opinions and whether the reasons were free from legal error and supported by substantial evidence. *Woods*, 32 F.4th at 792-93.

2. <u>Dr. Gilbert Simas's Opinion</u>

On November 18, 2022, Plaintiff's treating provider, Dr. Gilbert Simas, completed a mental disorder questionnaire for evaluation of Plaintiff's ability to work. (AR 590-91). Dr. Simas opined that: Plaintiff requires assistance to keep his appointments; his posture, gait, mannerisms, or general appearance impair his ability to work; his history of family, education, marriage, divorce, employment, sickness, or arrests would affect his ability to work; Plaintiff's has significant impairments in areas of orientation, memory, concentration, intelligence, and judgment that affect his ability to perform simple work during a work day; his mood or affect would impair his ability to work; and that he has recorded, diagnosed mental disorders ("F33.2, F41.1"). (AR 590). Dr. Simas further opined that Plaintiff's abnormalities in the areas of confusion, mood swings, and social isolation would cause significant impairment in his ability to perform full-time work. *Id.*

Dr. Simas affirmed by marking "yes" on checkboxes that: Plaintiff's ability to perform activities of daily living have become impaired to the point he needs assistance from others in order to achieve a socially acceptable standard of care; Plaintiff's social functioning has become deficient to the point that it impairs his ability to work with supervisors, co-workers, and the public; his mental illness limits his ability to adapt to stresses common to the normal work environment; and that there are medications currently listed in his clinical record that cause adverse side effects such as to impair his ability to perform normal work. (AR 591). Dr. Simas commented that it is "unlikely" that Plaintiff's condition will improve in the next 12 months or less. *Id.* Dr. Simas noted that the date of his first examination of Plaintiff was rendered on August 16, 2022, the date of his last examination of Plaintiff was November 13, 2022, and at the time was scheduled to see Plaintiff on December 12, 2022, with approximate frequency of visits "each month." *Id.*

3. Analysis

Plaintiff argues that the ALJ improperly discounted the opinion of his treating provider, Dr. Simas, as "exceptionally vague[,]" "not helpful in determining [Plaintiff's] maximum abilities[,]" and because Plaintiff's "mental status has improved with … better medication compliance." (Doc. 18 at 13) (citing AR 21). Plaintiff contends the ALJ erred in discrediting Dr. Simas's opinion based on a purported improvement of symptomology when Plaintiff was compliant with his medication. *Id.* at 14. Plaintiff asserts the ALJ failed to properly evaluate the consistency of Dr. Simas's opinion by comparing the opinion only with Dr. Simas's "own treatment records" without providing an explanation supported by substantial evidence. *Id.* at 15. Plaintiff further argues that the ALJ's analysis regarding supportability was "cherry-picked" and is unsupported by substantial evidence because the ALJ failed to consider other of Dr. Simas's records "which provide support for the limitations he assessed" including follow-up records from August 2022 to December 2022 in which Plaintiff reported his symptoms and that he was continued on certain medications. *Id.* at 18 (citing AR 596, 602-04, 696).

Defendant contends the ALJ reasonably assessed Dr. Simas's opinion as only minimally persuasive because it was not consistent with the evidence. (Doc. 22 at 3). Defendant argues that Dr. Simas's finding that Plaintiff's ability to work was "impaired" in several areas was inconsistent

with other evidence of record, including to therapy records cited by the ALJ which noted Plaintiff "felt supported" and was "a lot calmer" and that his symptoms are "mostly managed with his current medication management services[.]" *Id.* (citing Exs. 5F, 11F); *see* (AR 512, 615-19). Defendant asserts that the ALJ reasonably found that Dr. Simas's opinion was not supported by "his own treatment records" as the opinion was essentially a checkbox form "without any relevant objective medical evidence or supporting explanations" and was therefore "inadequately explained." *Id.* at 4 (citing AR 21, 590-91). Defendant notes the ALJ considered that Dr. Simas's "own treatment records showed that Plaintiff's mental functioning 'improved with abstinence from substance abuse and better medication compliance.'" *Id.* at 5. Defendant asserts that Plaintiff fails to show any harmful error because Dr. Simas's unspecified, vague opinion "does not affect the outcome of the decision" and, "even if credited, the statement is inconsequential to the non-disability determination because it lacked functional limitations and is therefore inadequate for determining [the RFC]." *Id.* at 4-5.

The ALJ noted that Dr. Gilbert Simas has been Plaintiff's medication management provider since August 2022, and that Dr. Simas opined that: Plaintiff "needs assistance to keep appointments and [] has work limitations due to his posture, gait, mannerisms, and general appearance"; has "abnormalities in all areas of mental functioning, including significant confusion, mood swings, and social isolation"; and "needs assistance achieving socially acceptable levels of self-care, … has impairment working with others and adapting to stress, his medications cause side effects, and his overall condition is unlikely to improve." (AR 21) (citing Ex. 10F). The ALJ acknowledged that Dr. Simas was correct in stating that Plaintiff "has at least some abnormalities and limitations in all areas of mental functioning." *Id.* However, the ALJ found Dr. Simas's opinion only minimally persuasive because "his opinion is exceptionally vague and it is not helpful in determining [Plaintiff's] maximum abilities" and Dr. Simas "also admitted" he had been Plaintiff's treating provider "for only three months when he signed his statement." *Id.* The ALJ further discounted Dr. Simas's opinion as inconsistent "with his own treatment records, which show [Plaintiff's] mental status has improved with abstinence from substance abuse and better medication

compliance[.]" *Id.* (citing Exs. 5F, 11F).[4]

Here, the ALJ properly considered the supportability and consistency of Dr. Simas's opinion in discounting the opinion as minimally persuasive. As to consistency, the ALJ properly found Dr. Simas's opinions regarding Plaintiff's assessed limitations from his November 2022 mental health questionnaire were inconsistent with his own treatment records by citing Dr. Simas's follow-up progress note from December 12, 2022, which show normal objective findings, that Plaintiff's "mental status has improved with abstinence from substance abuse and better medication compliance[,]" and does not include any findings or explanation regarding Plaintiff's mental limitations (AR 21); *see* (AR 595-96 [December 12, 2022, progress note in which Dr. Simas commented that Plaintiff "reported his medications are helpful and effective. He was able to articulate a safety plan and agreed to engage in all aspects of care."). And the ALJ similarly found Dr. Simas's opinions inconsistent with other providers' findings, as evidenced by the ALJ's citation to an April 13, 2022, core assessment noting Plaintiff's past substance abuse with alcoholism and Dr. Egbuziem-Anderson's assessment about the efficacy of medication management services. (AR 21) (citing AR 615-19). The ALJ's reliance on these records reflecting Plaintiff's mental health improved with medication compliance and substance abuse abstinence demonstrates that Dr. Simas's opinions regarding Plaintiff's mental health limitations are inconsistent with the record. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("evidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."). Plaintiff's citation to various records from March 2020 to June 2020 showing his history with mental health and substance abuse issues (*see* Doc. 18 at 16-20) does not refute the ALJ's finding that Plaintiff's mental health conditions improved with medication compliance and substance abuse

---

[4] Plaintiff argues in part that the ALJ's consistency analysis of Dr. Simas's opinion was defective because the ALJ only measured the consistency of the opinion with Dr. Simas's own findings (not with other providers' findings). (Doc. 18 at 14). However, as discussed *infra*, it is clear from the evidence the ALJ cited that the ALJ did, in fact, consider the consistency of Dr. Simas's opinion with the records of other providers.

abstinence. Therefore, Plaintiff fails to establish error in the ALJ's determination that Dr. Simas's opinion was inconsistent with the objective medical evidence and his own treatment notes.

As to supportability, the ALJ acknowledged that Dr. Simas's opinion was "correct that [Plaintiff] has at least some abnormalities and limitations in all areas of mental functioning" but found the opinion was unpersuasive. (AR 21). As Defendant correctly explains (*see* Doc. 22 at 4), the opinion is unsupported because it "is exceptionally vague and is not helpful in determining [Plaintiff's] maximum abilities" given the opinion merely is a two-page "check-off report[] that do[es] not contain any explanation of the bases of [Dr. Simas's] conclusion." *See* (AR 590-91); *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (noting that an ALJ "need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings."); *e.g.*, *Gitchell v. Comm'r of Soc. Sec.*, No. 1:21-cv-00157-SAB, 2023 WL 1785914, at *15 (E.D. Cal. Feb. 6, 2023) (finding ALJ properly found medical opinion unsupported because the opining provider "did not cite to the record in support of the limitations he identified, and the ALJ cited to multiple examples in the medical record to demonstrate [the provider's] opined limitations were inconsistent with it.").

Plaintiff argues that the ALJ improperly discredited Dr. Simas's opinion because the ALJ "cherry-picked" and "mischaracterized the record by solely referencing Dr. Simas' treatment records that purportedly show improvement with treatment compliance and abstinence" and the ALJ "failed to consider highly probative evidence from Dr. Simas' [other] record[s] which provide support for the limitations he assessed." (Doc. 18 at 14, 18). Plaintiff points to Dr. Simas's follow-up records from August 2022 to December 2022 to demonstrate that Dr. Simas noted Plaintiff's testimony supporting his limitations, including that Plaintiff "reported he was mostly sleeping during the day, had poor concentration, terrible anxiety, poor appetite, and [terrible mood]" and that Plaintiff was continued on various mental health medications. *Id.* (citing AR 603-04). However, these follow-up records likewise are check-box progress notes in which Dr. Simas merely catalogued findings and Plaintiff's subjective testimony without providing any assessment of Plaintiff's limitations. *See* (AR 603-04 [August 16, 2022, progress note], 601-02 [September 13,

2022, progress note]), 599 [October 17, 2022, progress note]). Further, the ALJ properly discounted Dr. Simas's opinion as both unsupported and inconsistent with his own treatment records by citing his December 12, 2022, progress note which showed Plaintiff's mental status improved with abstinence from substance abuse and medication compliance. (AR 21) (citing AR 596). "The ALJ interpreted [this evidence] in a reasonable manner. When the evidence presented could support either affirming or reversing the Commissioner's conclusions, this court cannot substitute its own judgment for that of the Commissioner." *Gardner v. Barnhart*, 73 Fed. Appx. 193, 195 (9th Cir. 2003) ("The ALJ supported his evaluation with articulated analysis of the evidence and citation to specific substantial evidence in the record. He cited specific reports for his conclusions and gave sufficient legitimate reasons for rejecting others. This is all that he is required to do."); *Tommasetti*, 533 F.3d at 1038 ("The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."); *Bryan T. v. Dudek*, 799 F. Supp. 3d 943, 956 (N.D. Cal. 2025) ("[T]he possibility of reasonably reaching a different conclusion about persuasiveness does not make an ALJ's determination unsupported by substantial evidence and is not sufficient grounds for reversal. … As long as the 'ALJ's rationale is clear enough that it has the power to convince,' it is not the 'role [of this Court] to second-guess it[.]'") (citations omitted). Because Dr. Simas did not cite any of these records or any other objective medical evidence in his November 2022 mental health questionnaire in which he opined Plaintiff's limitations and otherwise failed to provide any meaningful explanation of those limitations, the ALJ did not err in finding the opinion was unsupported. *Woods*, 32 F.4th at 791-92 ("Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant ... objective medical evidence.'") (quoting 20 C.F.R. § 404.1520c(c)(1)).

Considering the ALJ's reasoning in relation to his findings about the supportability and consistency of Dr. Simas's opinion in the context of the evidence cited and the record, the undersigned finds that the ALJ's determination that Dr. Simas's opinion was only minimally persuasive was supported by substantial evidence.

///

///

## IV. CONCLUSION AND RECOMMENDATION

For the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment (Doc. 18) be DENIED;
2. The ALJ's decision (Doc. 12) be AFFIRMED; and
3. The Clerk of the Court be DIRECTED to enter judgment in favor of Defendant Commissioner of Social Security and against Plaintiff Gary L. Dorsy and to then close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within 14 days** after being served with these findings and recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party's failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 30, 2026**

UNITED STATES MAGISTRATE JUDGE